DIAS *v.* THE STATE.

DIAS
v.
THE STATE.

If on an indictment against two persons, one of them be tried separately, the record, by showing that the prisoner was separately tried, necessarily shows that the Court directed the trial.

If the record of a criminal case show that in the course of the trial, the Court had, on an adjournment from one day till the next, placed the jury in the charge of a bailiff, it will be presumed that the jury was committed to his care in a legal manner, whatever that may be.

A count in an indictment for murder stated, that the defendant made an assault on one *G. B.*, and that the defendant with a certain axe, &c., the said *G. B.*, in and upon the *left* side of the head and over the *left* temple of him the said *G. B.*, then and there feloniously and wilfully and of his malice aforethought did strike and beat, giving to the said *G. B.* then and there with the axe aforesaid, in and upon the *right* side of the head of him the said *G. B.*, and over the *right* temple of him the said *G. B.*, one mortal wound, &c., of which said mortal wound the said *G. B.*, &c., on, &c., died, and so the jurors aforesaid, upon their oath aforesaid, do say, &c. *Held*, that the count, in the description of the offence, was repugnant and inconsistent with itself in a material part, and was void.

Such count must state the part of the body to which the violence was applied; but the proof need not correspond with the statement.

If an allegation in such count be sensible, and consistent in the place where it occurs, and be not repugnant to *antecedent* matter, it cannot be rejected as surplusage, although it be repugnant to a subsequent allegation.

An objection to such count for repugnancy in the description of the offence, cannot be removed by striking out the allegation which is inconsistent with a previous one, unless, after striking out the subsequent allegation, a legal description of the offence will still remain.

In an indictment for murder, where the death is alleged to have been caused by a wound, it is not necessary to describe the depth or breadth of the wound.

An indictment in such case concluded as follows: "And so the jurors aforesaid upon their oath aforesaid do say, that the said *S. D.*, (the prisoner,) in manner and form aforesaid, feloniously and wilfully and of his malice aforethought did kill and murder, contrary to the form of the statute," &c. *Held*, that this conclusion was insufficient, for not designating the person murdered.

Although an indictment charge that the defendant feloniously and wilfully and of his malice aforethought did strike the deceased, &c., giving him, &c., a mortal wound, &c., yet if it do not contain the technical allegation that the defendant feloniously *murdered* the deceased, it is an indictment for manslaughter only and not for murder—the word *murder* being a term of art which cannot be supplied in an indictment by any other word.

A verdict against the defendant in manslaughter must fix the punishment.

ERROR to the *Vigo* Circuit Court.

BLACKFORD, J.—This was an indictment against *Samuel Dias* and *Hannah Gillman* for the murder of one *George*

*Brock.* There are two counts in the indictment. The said *Dias* being arraigned pleaded not guilty, and a jury was sworn to try the issue. The examination of the cause not being finished on the day it was commenced, the jury was placed under the charge of a bailiff, to be returned into Court the next morning. The trial was not concluded on the second day, and the jury was again put in charge of a bailiff who was sworn to attend them, to be returned into Court the following morning. On the third day, the cause was submitted to the jury, who returned a verdict of guilty. Motions for a new trial and in arrest of judgment were made and overruled, and judgment rendered that the prisoner *Dias* be executed.

The first error assigned is, that the record does not show an order of the Court for the separate trial of the prisoner. There is nothing in this objection. The record, by showing that the prisoner was tried separately, necessarily shows that the Court directed the trial.

It is also assigned for error, that the record does not show that the bailiff, to whose care the jury was intrusted on the first adjournment of the Court, was sworn. In support of this objection, we are referred to the case of *The King* v. *Stone*, 6 T. R. 527. There the entry of adjournment states, that the bailiffs who took charge of the jury were sworn ; but the case does not show that it would have been error had the oath been omitted, or had the record not shown that it was administered. This Court reversed a judgment against a prisoner in a capital case, because there was no entry of record, from which it could be implied that the jury had been legally disposed of during an adjournment of the Court. *Jones* v. *The State*, 2 Blackf. 475. But that was a different case from the present. There is here an entry of record that, on the adjournment, the jury was placed in charge of a bailiff, to be returned into Court the next morning ; and we must presume from that entry, that the jury was committed to the care of the bailiff in a legal manner, whatever that may be.

The last error assigned is, that both the counts in the indictment are insufficient.

The first count, so far as it is necessary to state it, is as follows: That *Samuel Dias*, late of, &c., and *Hannah Gill-*

*man*, late of, &c., on, &c., with force and arms, at, &c., in and upon one *George Brock*, &c., did make an assault, and that the said *Samuel Dias* and the said *Hannah Gillman*, with a certain axe, &c., the said *George Brock* in and upon the *left* side of the head and over the *left* temple of him the said *George Brock*, then and there feloniously and wilfully and of their malice aforethought did strike and beat, giving to the said *George Brock* then and there, with the axe aforesaid, in and upon the *right* side of the head of him the said *George Brock*, and over the *right* temple of him the said *George Brock*, one mortal wound of the depth of three inches and of the breadth of six inches, of which said mortal wound the said *George Brock*, &c., on, &c., died; and so the jurors aforesaid upon their oath aforesaid do say, &c. The objection made to this count is, that, in the description of the offence, it is repugnant and inconsistent with itself. The charge is, that the persons indicted struck the deceased with an axe on the *left* side of the head and over the *left* temple, giving to him then and there, with said axe, on the *right* side of the head and over the *right* temple, a mortal wound.

There is in this part of the count a manifest repugnancy in the description of the offence as to the place of the wound; the first part of the sentence, viz., that the persons indicted struck the deceased with an axe on the *left* side of the head, &c., being inconsistent with what follows, viz., their giving him then and there with said axe on the *right* side of the head, &c., a mortal wound. And this repugnancy occurs, as it must occur to be fatal, in a material part of the count, for the part of the body to which the violence was applied must be stated, and even if the wound be alleged to have been on the arm, hand, &c., without saying whether the right or left, the indictment is bad. The proof, to be sure, need not correspond in this respect with the allegation, but the allegation itself cannot be dispensed with in the indictment. 3 Chitt. Cr. L. 735.—Arch. Cr. Pl. 384. The defect cannot be remedied by treating the first statement as to the part of the head of the deceased which was struck, as superfluous, because that statement is sensible and consistent in the place where it occurs, and is not repugnant to *antecedent* matter. 1 Chitt. Cr. L. 224.—*The King* v. *Stevens et al.* 5 East, 244.

Nor can the difficulty be removed by considering as superfluous, the subsequent allegation as to the persons indicted giving to the deceased, on the opposite side of his head, the mortal wound. If this latter allegation were left out, the count, as to the matter in question, would read as follows: That the said *Samuel Dias* and the said *Hannah Gillman*, with a certain axe, &c., the said *George Brock*, in and upon the *left* side of the head and over the *left* temple of him the said *George Brock*, then and there feloniously, &c., did strike and beat, giving to the said *George Brock* then and there, with the axe aforesaid, one mortal wound. In that case, the necessary allegation relative to the giving of the deceased a mortal wound would be defective, for not setting out the part of his person on which such wound was given, the word "there" in the sentence having reference only to the venue. There being then a repugnancy in a material charge of the count in question, which cannot be avoided by striking out a part as superfluous, the count cannot be sustained. 2 Hawks. Pl. Cr. 228.—1 Chitt. Cr. L. 237.—Arch. Cr. Pl. 51.—*Rex* v. *Stevens*, 5 East, 244.

The second count is objected to on account of an alleged defect in its conclusion. This count is similar to the first until it comes to the conclusion commencing with the words, "And so the jurors aforesaid," &c., except that it does not state the length and breadth of the wound, which it was not necessary to state, *Rex* v. *Tomlinson*, 6 Carr & Payne, 370, and except that it is not subject to any objection for repugnancy. The conclusion objected to is as follows: "And so the jurors aforesaid upon their oath aforesaid do say, that the said *Samuel Dias* and the said *Hannah Gillman*, in manner and form aforesaid, feloniously and wilfully and of their malice aforethought did kill and murder, contrary to the form of the statute," &c. The defect here complained of is, that the person murdered is not designated. This defect is believed to be fatal. The averment that the persons indicted, feloniously and wilfully and of their malice aforethought, did kill and murder, without any thing more, does not amount to any charge against them which the law can recognize. The consequence is, that the count is left without the technical allegation, that the persons indicted feloniously, &c., murder-

ed the deceased. It is true, that the previous part of the count charges that the persons indicted, feloniously and wilfully and of their malice aforethought, did strike the said *George Brock*, &c., giving him, &c., three mortal wounds, &c.; but the law is well settled, whether wisely or otherwise we need not stop to inquire, that such description of the offence is not sufficient in a count of an indictment for murder. There must be in such count an express allegation, that the prisoner feloniously, &c., *murdered* the deceased, the word murder being a term of art which cannot be supplied by any other word. The language of *Hawkins* on the subject is as follows : " No periphrasis or circumlocution whatsoever will supply those words of art, which the law has appropriated for the description of the offence, as *murdravit*, in an indictment for murder ; *cepit*, in an indictment for larceny ; *mayhemiavit*, in an indictment for maim ; *felonice*, in an indictment of any felony whatever," &c. 2 Hawks. Pl. Cr. 224. The same doctrine is laid down in *Long's* case, 5 Coke, 245.— 1 Chitt. Crim. L. 239 to 244.— 4 Blacks. Comm. 306, 307.—3 Bac. Abr. 554.

The conclusion to the second count, as before noticed, being a nullity, and there being no technical allegation in the count that the persons indicted feloniously, &c., *murdered* the deceased, the following authority is applicable to the case : "An indictment was removed into B. R. *s.* 'That of malice aforethought, *A. B.* made an assault on *C. D.*, and the same *C. D.* feloniously struck, giving him one mortal stroke of which he languished for seven days, and on the eighth day of the stroke aforesaid died,' without saying 'and so the aforesaid *A. B.*, the said *C. D.* feloniously did kill and murder.' Therefore this word *murder* is wanting in the indictment. And whether this shall be adjudged *murder*, or only manslaughter, was doubted on account of the general pardon passed in the late parliament, in which murder is excepted. And at length it was resolved by the Justices of B. R. and others, that without this word *murder* it is only manslaughter." *Anon.* 3 Dyer, 304. That case, which is directly against the count in question, occurred as early as the time of *Elizabeth*, and has been ever since adhered to.

We are of opinion, therefore, that the second count does

not contain a valid charge of murder, but that it is a good count for manslaughter.

As the first count of the indictment is bad, and the second contains a charge of manslaughter only, the judgment that the prisoner *Dias* be executed is erroneous ; and for the same reason the verdict is wrong for not fixing the punishment. R. S. 1838, p. 219, sect. 78.

*Per Curiam.*—The judgment is reversed and the verdict set aside. Cause remanded, &c.

*J. H. Henry* and *S. G. Dodge,* for the plaintiff.

*A. A. Hammond* and *J. P. Usher,* for the state.