THE STATE, Respondent, *vs.* JONES, Appellant.

1. Under our statute, an indictment for murder in the first degree must set forth with accuracy the manner in which the murder was committed; if by poison or by lying in wait, it must be so stated, and if by any other kind of wilful, deliberate and premeditated killing, the circumstances must be set forth intelligibly.
2. An indictment for murder, which charges that the defendant " did strike and thrust" the deceased " in and upon the left side of the belly, and also in and upon the right shoulder, giving to the deceased then and there, in and upon the left side of the belly and also in and upon the right shoulder, *one* mortal wound," &c., is bad.
3. The part of the body where the wound was inflicted must be set forth with certainty.
4. Provocation is a question of law. (*State* v. *Dunn,* 18 Mo. Rep., affirmed.)

*Appeal from Franklin Circuit Court.*

The case is fully stated in the opinion of Judge Ryland. Among a large number of other instructions given by the court below, of its own motion, was the following:

12. If the jury believe from the evidence, that Jones killed Ashford suddenly, without any or without a considerable provocation, the law implies malice, and the homicide would be murder; but if they believe the provocation was great, they will find him guilty of manslaughter only.

The 13th instruction was of a similar character.

*J. D. Stevenson,* for appellant, among others, made the following points: 1. The court erred in leaving the sufficiency of the provocation to the jury. (*State* v. *Dunn,* 18 Mo. Rep.) 2. The indictment is bad.

*H. A. Clover,* for the State, insisted that no question could arise upon the instructions as to provocation, the jury having convicted the defendant of murder in the first degree, and as to the sufficiency of the indictment, cited 2 Hale, 185–6. 2 Hawk. P. C. c. 25, §81. 6 Binney, 183. 5 Yerg. 346. 13 Wend. 176. 1 Blackf. 65. Ib. 396.

State *v.* Jones.

RYLAND, Judge, delivered the opinion of the court.

Jones was indicted at a special term of the Circuit Court of Franklin county, in December, 1853, for the murder of Jeremiah W. Ashford. He was tried and convicted of murder in the first degree. A motion for a new trial being made and overruled, he then moved in arrest of judgment, which was also overruled. Exceptions being properly taken, an appeal was prayed and allowed.

The counsel for the appellant contends that the motion in arrest of judgment should have been sustained, by reason of the insufficiency of the indictment. This indictment is as follows :

" State of Missouri, county of Franklin, *ss.* Franklin Circuit Court—special term, December, 1853. The grand jurors of, &c., upon their oath present, that John H. Jones, late, &c., on, &c., with force and arms, at, &c., " in and upon one Jeremiah W. Ashford, in the peace of the state, then and there feloniously, wilfully and of his malice aforethought, *deliberate* and *premeditatly* did make an assault, and that the said John H. Jones, with a certain knife, which he, the said John H. Jones, in his right hand then and there had and held, the said Jeremiah W. Ashford, in and upon the left side of the belly, and also in and upon the right shoulder of him, the said Jeremiah W. Ashford, then and there feloniously, wilfully and *deliberate* and *premeditated*, and of his malice aforethought, did strike and thrust, giving to the said Jeremiah W. Ashford, then and there, with the knife aforesaid, in and upon the left side of the belly, and also in and upon the right shoulder of him, the said Jeremiah W. Ashford, *one mortal wound*, of the breadth of three inches, and of the depth of six inches, of which said mortal wound he, the said Jeremiah W. Ashford, then and there instantly died ; and so the jurors aforesaid, upon their oath aforesaid, say that the said John H. Jones, the said Jeremiah W. Ashford, in manner and form aforesaid, feloniously, wilful-

ly and of his malice aforethought, *deliberate* and *premeditately* did kill and murder, contrary," &c.

1. Is this indictment, under our statute, sufficient to support a judgment for murder in the first degree ?

A law of the territory of Louisiana, of which territory Missouri was then a part, passed November 4th, 1808, declared : " That if any person or persons shall, within this territory, commit the crime of wilful murder, such person or persons, on being convicted thereof, shall suffer death."

In 1825, the legislature of the state of Missouri declared " that every person who shall commit murder within this state shall, on being thereof convicted, suffer death." R. C. 1825, " Crimes and misdemeanors."

Under these statutes, an indictment for murder must have been framed as at common law. It required all the formality and particularity and certainty of a common law indictment for murder. We had to resort to the common law to find what constituted murder, and to test the sufficiency of an indictment therefor by its rules and decisions.

In 1835, the legislature of Missouri declared that " Every murder which shall be committed by means of poison, or by lying in wait, or by any other kind of wilful, deliberate and premeditated killing, or which shall be committed in the perpetration or attempt to perpetrate any arson, rape, robbery, burglary or other felony, shall be deemed murder in the first degree." All other kinds of murder, at common law, not herein declared to be manslaughter or justifiable or excusable homicide, shall be deemed murder in the second degree." Under this statute, the practice has been to describe the murder as it is laid down thereby ; if it be committed by means of poison, to state it so ; if by lying in wait, to set it forth accordingly, and if by any other kind of wilful, deliberate and premeditated killing, to aver it to have been so done.

The first case reported under the statute of 1835, is the case of *Bower* v. *The State*, 5 Mo. Rep. 364. Since this case, it has been the practice, in indictments for murder, in order to

justify a conviction for that offence, in the first degree, to set forth the offence according to its nature and circumstances, as required by the statute. And, although the offence, as described, be murder in the first degree, yet a conviction for murder in the second degree, or for manslaughter, in any of its degrees, may be supported on such an indictment. *Watson* v. *State*, 5 Mo. Rep. 497. *State* v. *Mallerson*, 6 Mo. 399.

Although a different practice, under statutes using somewhat similar phrases in declaring what shall be murder in the first degree, and what in the second degree, has prevailed in the states of Pennsylvania, New York and Tennessee, (See *Com.* v. *White*, 6 Binney, 183. The *People* v. *Enoch*, 13 Wend. 159. *Mitchell* v. *State*, 5 Yerg. 340,) yet we consider it safest to follow the practice which has prevailed so long in our own state.

The indictment, then, in this case, is not sufficient to sustain a judgment which deprives the defendant of life. It is not drawn with accuracy sufficient. The words describing the offence are not sensible. Not only are the words used in the description of the offence, in the manner and form in which they are used, ungrammatical, but some of these words are not known and recognized as common English words.

2. There is another defect in this indictment which is fatal, even if we could suppose these omissions and words of description were only clerical blunders. I mean its repugnancy. The indictment charges that the defendant, of his malice aforethought, " did strike and thrust" the deceased, " in and upon the left side of the belly, and also in and upon the right shoulder, giving to the deceased, then and there, in and upon the left side of the belly, and also in and upon the right shoulder, *one* mortal wound, of the breadth of three inches, and of the depth of six inches, of which mortal wound he then and there instantly died." Now the indictment avers the giving of but one mortal wound by the blows and thrusts, and describes this as being given " on the left side of the belly," and also as being given on " the right shoulder," yet this wound is but of

the breadth of three inches, and of the depth of six inches. Where was this mortal wound given? Was it on the right shoulder? If so, it could not be on the left side of the belly. Was it on the left side of the belly? If so, it could not be on the right shoulder; yet it is charged to be on both, which is inconsistent and repugnant.

In the case of *Dias* v. *The State*, 7 Blackf. 20, the defendants, Samuel Dias and Hannah Gillman, were indicted for the murder of George Brock. The indictment charged, " That the said Samuel Dias and the said Hannah Gillman, with a certain axe, &c., the said George Brock, in and upon the *left* side of the head and over the left temple of him, the said George Brock, then and there feloniously and wilfully, and of their malice aforethought, did strike and beat, giving to the said George Brock, then and there, with the axe aforesaid, in and upon the *right* side of the head, of him, the said George Brock, and over the *right* temple of him, the said George Brock, one mortal wound, of the depth of three inches and of the breadth of six inches, of which said mortal wound the said George Brock, &c., on, &c., died." The charges are, that the persons indicted struck the deceased with an axe on the *left* side of the head, and over the *left* temple, giving to him, then and there, with said axe, on the *right* side of the head, and over the *right* temple, a mortal wound. Blackford, J., says, (after stating the case as above,) "there is in this part of the count a manifest repugnancy in the description of the offence as to the place of the wound; the first part of the sentence, that is, 'that the persons indicted struck the deceased with an axe on the *left* side of the head,' &c., being inconsistent with what follows, viz: their giving him then and there, with said axe, on the *right* side of the head, &c., a mortal wound; and this repugnancy *occurs* as it must occur, to be fatal, in a material part of the count; for the part of the body to which the violence was applied must be stated, and even if the wound be alleged to have been on the arm, hand, &c., without saying whether right or left, the indictment is bad. The proof, to be sure, need not correspond

State *v.* Jones.

in this respect with the allegation, but the allegation itself cannot be dispensed with in the indictment." 3 Chitty Crim. L. 735. Arch. Crim. Pl. 384.

3. Where the death is charged to have been occasioned by a wound, a description of the wound must be set forth in the indictment, its length, breadth, depth, &c., where they are capable of description, and the omission of such description is fatal to the indictment; but where the death was occasioned by a bruise, a description of its dimensions is not necessary. *The State* v. *John Owen*, 1Murphy, 452. *State* v. *Moses*, 2 Devereux, 463. In this last case, Judge Ruffin cites the case of the *State* v. *Owen*, 1 Murphy, 452, and says that, " at common law it was a fatal defect to omit to allege the depth of the wound in the indictment, but that the legislature had changed the law in that state since the case of the *State* v. *Owen*, and the decision in Owen's case gave rise to the change. There can be no doubt but that at common law it was necessary for an indictment for murder to set forth in what part of the body the wound was given. See 2 Haw. Pleas Crown, ch. 23, sec. 80. 4 Coke, 40, Young's case. In the case of *Rex* v. *Tomlinson*, 6 Carrington & Payne, 370, (25 Eng. Com. Law Rep. 442,) Godson, for the prisoner, submitted "that the indictment was bad, because it did not state the depth of the wound," but it was answered by the court " that common sense did not require the length, breadth and depth of the wounds to be stated; therefore it was not necessary they should be stated." Still the part of the body where the violence was inflicted must be set forth with certainty.

I do not deem it necessary to cite authorities upon this matter, more than what has already been done above. This case is very similar to the one from Blackford, *Dias* v. *State*. Here it is impossible to say where the mortal wound was inflicted; it is averred but one mortal wound was given, and that one on the left side of the belly, and on the right shoulder.

4. As the judgment will be reversed, it becomes necessary to

notice some instructions of which the defendant below complains.

In the case of *Dunn* v. *State*, decided at Jefferson City at July term of this court, 1853, (18 Mo. Rep.) it was held, that it was error to submit questions of law to a jury. In the language of the court, delivered by Judge Scott, it is said:

"A question of law should not be referred to a jury. What is a sufficient provocation to make what otherwise would be murder, a less offence, is a question of law. The facts are found by the jury, and the court declares the law arising thence upon them, as they may be found. There can be no difficulty in such cases; if there is evidence tending to establish the facts constituting a provocation sufficient to extenuate murder, the jury should be instructed hypothetically. If the opinion of the court is so, the jury should be directed that, if they believe the facts (recapitulating them) are established, which constituted the provocation, they should find according to the degree of extenuation such facts make in law. To tell the jury that, if the killing was done without sufficient provocation, it is murder, without informing them whether the facts offered in evidence, if established to their satisfaction, would constitute a provocation, is leaving them to determine what is a sufficient provocation to extenuate murder. They may think one thing or another, or any act, however venial, would be a sufficient provocation. So the definition of murder would depend, in each case, upon the passions or prejudices of jurors."

The instructions given in this case, wherein the *sufficient provocation* is left to the jury, are, therefore, wrong. The instructions given by the court are very favorable for the prisoner, and, with the exception of leaving what is a sufficient provocation to extenuate murder to be considered by the jury, there is nothing contained in them of which the defendant below could properly complain. They were more favorable for him than the law strictly authorized. "Whenever it appears from the whole evidence, that the crime was at the moment delibe-

rately or intentionally executed, the killing is murder in the first degree." *State v. Dunn*, 18 Mo. Rep. 419.

It is deserving of serious reprehension to string out a case before a jury with instructions from one to twenty-six in number. A mind comprehending the facts of the case and the law arising thereon, can, with a few plain propositions lay the main questions before a jury, so as to enable them to arrive at a just and proper conclusion. The law, in this case, could have been explained and laid before the jury in less than half a dozen instructions.

Let the judgment of the court below be reversed, and the case remanded; the other judges concurring.