————o————

STATE OF MISSOURI, Respondent, vs. POINDEXTER EDMUNDSON, Appellant.

1. *Murder—Indictment—Failure to allege in what part of the body wound was given—Jeofails, statute of.*—An indictment for murder which alleges that the prisoner * * * "did strike, penetrate and wound him, the said E., in and about divers places of the body," etc., is not under the statute of jeofails (Wagn. Stat., 1090, 1091, § 27 and clause declaring an indictment not invalid "for want of the averment of any matter not necessary to be proved") fatally defective for failing to state in what part of the body the wound was inflicted; since it is not necessary to prove that fact as alleged, if stated.

*Appeal from Stoddard County Circuit Court.*

*H. H. Bedford,* for Appellant, cited: State vs. Dean, 7 Blackf. 20 ; 2 How. Pleas Cr. Ch. 23, § 80 ; Id. 224 ; also 5 Coke, 245 ; 1 Chit. Crim. Law, 239–244 ; 1 Whart. Crim. Law, 592, § 1069 ; see also Whart. Prec. 155, 156 ; State vs. Pemberton, 30 Mo. 376.

*J. L. Smith, Att'y Gen'l,* for Respondent, cited: Cordell vs. State, 22 Ind. 1 ; Arch. Crim. Pl. (10th Ed.) 408 ; State vs. Farley, 14 Ind. 23 ; Malone vs. State, 14 Ind. 220 ; State vs. Murphy, 21 Ind. 441 ; Whelchell vs. State, 23 Ind. 89 ; 2 Bish. Crim. Proc. § 522 ; Rex vs. Culkin, 5 Car. & P. 121 ; Rex vs. Gromsell, 7 Car. & P. 788 ; Rex vs. Edwards, 6 Car. & P. 401 ; Rex vs. Warman, 1 Den. C. C. 183 ; 2 Car. & K. 195 ; East P. C. 343 ; Sanchez vs. The People, 22 N. Y. 147 ; 4 Parker's Crim. Cases, 535 and Com. vs. Woodward, 102 Mass. 159 ; Long's Case Coke, part. 5, p. 120 ; 1 Russ. Crimes, 558–562 ; The People vs. Powers, 2 Seld. 50 ; State vs. Green, 7 Ired. 39 ; Wagn. Stat. 1090, § 27.

NORTON, Judge, delivered the opinion of the court.

Defendant was indicted in the Circuit Court of Stoddard County, at its December Term, 1876, for murder in the first degree, for killing William Shaw on the second day of October, of that year. At the March Term, 1877, of said court, a trial was had which resulted in the return of a verdict of murder in the first degree, upon which the judgment of the court was duly entered.

A motion for a new trial as well as a motion in arrest of judgment having been overruled, the cause is brought to this court by appeal.

The only point urged before us for a reversal of the judgment is, that the indictment does not allege on what part of the body of the deceased the mortal wound was inflicted.

It seems to be conceded that the indictment is perfect in every other particular, and we therefore only copy so much of it as constitutes the basis of defendant's objection.

The following is the language used by the pleader : "And the said Poindexter Edmundson with the leaden bullets aforesaid, out of the gun aforesaid, then and there by force of the gunpowder aforesaid, by the said Poindexter Edmundson shot off and discharged as aforesaid, then and there feloniously, wilfully, deliberately, premeditatedly and of his malice aforethought, did strike, penetrate and wound him, the said William Shaw, in and upon divers places of the body of him, the said William Shaw, giving to him, the said William Shaw, then and there with the bullets aforesaid, so as aforesaid discharged and shot out of the gun aforesaid by the said Poindexter Edmundson, one mortal wound of the depth," etc.

We have been cited to various authorities to establish the proposition that in an indictment for murder, it is necessary to allege on what particular part of the body of the deceased the wound producing death was inflicted.

It is said in 3 Chit. Crim. Law, (735) that " when the death is occasioned by a wound or stroke, it is necessary to set forth the part of the body to which violence was applied, and if it

merely stated the wound to be near or about the breast, it would be defective. But it is sufficient to state the wound to have been given in the breast, the neck, the stomach, or even the body.

In Whart. Crim. Law, 1069, it is said that " the indictment must state in what part of the body the wound was inflicted, but if the wound be stated to be on the right side, and be proven to be on the left side, the variance is not fatal."

These authorities and others, to which we have been referred, while they clearly establish the proposition that an indictment for murder which does not state the particular part of the body on which the wound producing death was given, is defective, also clearly establish the further proposition that when the indictment does charge that the mortal wound was inflicted on a particular part of the body, it is not necessary to prove the charge as laid, but the prosecution may prove on the trial that it was inflicted on any other part of the body; that the wound may be alleged to have been on the right side and be proved to have been on the left side.

So that it would appear in sound reason that it is a hard and rigorous rule which requires an allegation to be made in a pleading which may be ignored, disregarded, disputed and contradicted by the pleader in his proof.

But conceding that such was the rule at common law, and that it was recognized to be so by this court in the case of the State vs. Jones, (20 Mo. 58) the question arises what is the effect of Wagn. Stat., 1090, § 27, which declares " that no indictment shall be deemed invalid, nor shall the trial judgment or other proceedings thereon be stayed, arrested, or in any manner affected, for the want of an averment not necessary to be proved."

If, as is argued under the common law rule, the indictment in the case at bar is defective in not stating the particular part of the body on which the wounds occasioning death were inflicted, inasmuch as under the same rule, if the wounds had been charged to have been inflicted on any particular part of the body, it would not be necessary to prove that they were so inflicted, but might be shown to have been inflicted on any other part, the provision of

the statute above quoted would take the indictment from under the operation of such rule.

The case of the State vs. Jones, *supra*, was decided in 1854 under the revised code of 1845. While the code of 1845 under the head of practice in criminal proceedings recited many omissions which would not render an indictment invalid because of the omission, it did not contain the clause above quoted touching the omission to make "an averment not necessary to be proved." The latter provision was not incorporated into the laws of the State till in December, 1855, and was not therefore before Judge Ryland who delivered the opinion in the case of the State vs. Jones, *supra*. In the latter case, Dias vs. The State, (7 Blackf., 20,) was cited as an authority and relied upon here. This case has been in effect overruled in the 10th Ind. 309 and 559 ; 8 Ind. 200 ; 14 Ind. 23, 220 ; 21 Ind. 441, also in the case of Cordell vs. State, 22 Ind. 1.

In the latter case it was held that an indictment charging the defendant with " cutting, stabbing, and mortally wounding Patrick Quirk with a knife, etc.," was sufficient. In the opinion the following language is used : " We admit the common law required the allegation in the indictment (the part of the body on which the wound was given). Dias vs. The State (7 Black. 20). But in Arch. Crim. Prac. (side p. 408), even as to this it is said that " in this and other instances there is a particularity required in an indictment for murder, which it would be ridiculous to attempt to account for or justify ; for the same strictness is not required as to the evidence necessary to support it. If, for instance, the wound be stated to be on the left side and proved to be on the right side, or alleged to be in one part of the body and proved to be in another, the variance is immaterial, and for that reason the objection can only be taken by demurrer. This shows that even at common law, the allegation stood upon the same footing as the allegation as to the hand in which the weapon was held, the depth and size of the wound, etc., all of which are now held to be immaterial."

In case of Sanchey vs. The People (4 Park. C. C. 535), decided by the Supreme Court of New York and affirmed by the

court of appeals in 22 N. Y. 147, the indictment charges the wound to have been made by a " sword," etc., in and upon the body of Cowan, etc., and it was held to be sufficient. The court observes that the term " body," in such a connection, clearly means " that part of the human frame to which the head and arms are attached. Of what consequence is it whether the wound was given to the left side or to the right side, below the fifth rib or above the fifth rib, or whether there be two wounds or one ; if both or either were mortal ? That these minute particulars are not matters of substance is evident from the well established rule, that, if averred one way in the indictment they may be proved another way on the trial. The statute also admonishes us to disregard the mere cobwebs of former days. No indictment shall be deemed invalid, etc.; by reason of any defect or imperfection in matters of form, which shall not tend to the prejudice of defendant."

In the opinion of the Supreme Court, (22 N. Y., *supra*) affirming the judgment, it is observed that " the indictment does not otherwise show on what part of the body of Cowan the mortal wound was given. The indictment is sufficiently certain in this respect. By the word ' body ' in this connection is to be understood the trunk of the man in distinction from his head and limbs. This is the doctrine of the books on the subject." (Long's case, 5 Coke, 120.)

In the case of the Commonwealth vs. Woodward, (102 Mass. 159) the objection was that the indictment did not describe the wound as to length, depth, etc., but only described it as one mortal wound. In disposing of the question, the court observes that " we are of the opinion that the tendency of modern jurisprudence and legislation is such as to justify, if not to require, a departure from the old rule of pleading in a matter which is practically so nearly one of mere form." Similar views are expressed in State vs. Green, 7 Ired. 39 ; State vs. Moses, 2 Dev. 452 ; Real vs. The People, 42 N. Y. 279.

It is, however, urged by counsel, that under the views expressed by this court in the case of the State vs. Pemberton (30 Mo. 377) the common law rule, as to the necessity for stating the

particular part of the body on which the wound was inflicted, still applies, notwithstanding our statute. We think that this is a misconception of what is there said.

Judge Napton, who delivered the opinion, observes : " It is contended, however, that our statute, which provides that a judgment in a criminal case shall not be arrested for any defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits, has changed the law in this respect. The section of the statute, in which this provision occurs, commences by enumerating a great number of trivial defects, such as the omission of defendant's title, the words ' with force and arms,' etc., and then concludes with the general clause above referred to, which covers all other defects or imperfections not tending to defendant's prejudice."

"Whether the general clause is to be interpreted as extending the operation of the specific provisions which precede it, is not necessary to be decided here. We think, upon every safe rule of construction, that it should at all events be limited to imperfections of the class or character previously enumerated. To give it a more extended meaning would be to make all the specifications in the same section useless."

The indictment in that case was held to be bad, because the objection urged against it was not cured by any specific provision of the statute. But the objection urged in the case at bar is expressly provided for in that part of the section which dedeclares that "no indictment shall be deemed invalid, nor judgment thereon arrested, for want of any averment not necessary to be proved."

It appearing from the record that the evidence justified the finding of the jury, the judgment, with the concurrence of the other judges, is affirmed.