The State v. Ramsey.

THE STATE v. RAMSEY, *Plaintiff in Error.*

82 133
98 182
82 133
103 207
82 133
118 115
82 133
157 318
82 133
162 675

1. **Criminal Law:** INDICTMENT FOR MURDER: PLACE OF WOUND, SUFFI- CIENCY AS TO. An indictment for murder in the first degree, which, after the usual averments, charges that defendant "did strike, stab and thrust in and upon the right side of him, the said F., and, also, in and upon the back near the left shoulder of the body, giving to the said F. then and there with the knife aforesaid, in and upon the right side, and, also, upon the back near the left shoulder of him, the said F., one mortal wound of the length of two inches, of the breadth of half an inch and of the depth of three inches," etc., suf- ficiently locates the wound. and is not bad for repugnancy or incon- sistency.

2. **Evidence:** RES GESTAE: ANIMUS. The testimony, on a trial for murder, of a witness present at the difficulty, that while he was en- deavoring to quiet the defendant the latter struck the witness, was admissible in evidence as part of the *res gestae,* and as tending to show the *animus* of defendant.

3. ———; MANNER OF DECEASED. Evidence that the deceased, after the first encounter and while standing near its place, just before the second and fatal encounter "looked scared" and "looked as if he wanted to get away," was admissible on behalf of the State.

4. **Drunkenness, Evidence as to Inadmissible.** The trial court committed no error in refusing to permit a witness to state whether defendant was drunk or sober at the time of the killing, as drunk- enness neither excuses nor extenuates crime.

5. **Practice, Criminal:** STATEMENT OF COUNSEL. Defendant's coun- sel, in stating his case to the jury, should not refer to matters irrele- vant to the issues and incompetent as evidence.

6. **Bill of Exceptions:** EVIDENCE. The action of the trial court re- lating to matters of evidence, unless preserved in the bill of excep- tions, is not the subject of review in the Supreme Court.

7. **Murder:** INSTRUCTIONS. Where, on trial for murder, the evidence on behalf of the State tended to establish that the difficulty, which resulted in the death of the deceased, was sought for and brought on by defendant, and that after having provoked, he took advantage of it and fatally stabbed the deceased, and that on the part of defend- ant tended to prove self-defense; *Held,* that the instructions of the court were properly confined to murder in the first and second de- grees, and to justifiable and excusable homicide.

8. **Remarks of Prosecuting Attorney.** Certain remarks of prose- cuting attorney, in his closing argument, held to be justified by the evidence.

*Error to Stoddard Circuit Court.*—HON. R. P. OWEN, Judge.

AFFIRMED.

    *S. M. Chapman* for plaintiff in error.

    The indictment is defective in its attempt to locate the alleged mortal wound.    The averment is not only inconsistent, but is an impossible statement.    1 Bishop C. P., (3 Ed.) §§ 486, 488; 2 Bishop, §§ 522, 525; 1 Greenleaf Ev., 65; *Comm. v. DeJardin,* 126 Mass. 46; *State v. Curran,* 18 Mo. 320.    It was error to admit the testimony of the witness Lance, as to the attack made by defendant on him.    *State v. Goetz,* 34 Mo. 91; *State v. Daubert,* 42 Mo. 246; *State v. Harrold,* 38 Mo. 496.    The court should have allowed the witness Gillies to answer the question asked by defendant whether the latter was drunk or sober at the time of the difficulty.    1 Bishop C. P., (6 Ed.) §§ 285, 291, 414; *People v. Eastwood,* 14 N. Y. 562.    It was error to admit the evidence that the deceased, just prior to the accident, " looked scared " and " as if he wanted to get away." *McAdora v. State,* 59 Ala. 93, 94; *Gassenheemer v. State,* 52 Ala. 314; *Johnson v. State,* 17 Ala. 623.    The court erred in refusing the right to defendant's counsel to present their evidence in the order they desired.    *Byrd v. State,* 1 How. (Miss.) 250; *McCurdy v. Terry,* 33 Ga. 55; *Palmer v. McCafferty,* 15 Cal. 335; *Tinnin v. Garrett,* 4 S. & M. 208; *Carter v. Carter,* 9 Gill & J.; *State v. Fulkerson,* 10 Mo. 681.    The trial court should have instructed the jury as to manslaughter.    There was evidence tending to prove a lower grade of manslaughter.    *State v. Banks,* 73 Mo. 592; R. S., §§ 1244, 1250; Wharton on Homicide, (2 Ed.) §§ 4, 5; *State v. Branstetter,* 65 Mo. 149; *Crawford v. State,* 12 Ga. 142; *State v. Bryant,* 55 Mo. 79; *State v. Mathews,* 20 Mo. 57; *Scott v. State,* 10 Tex. App. 113; 7 Tex. App. 464, 305. The judgment should be reversed for the improper remarks

of the prosecuting attorney. *State v. Mahly*, 68 Mo. 314; *State v. Cooper*, 71 Mo. 443; *State v. Kring*, 64 Mo. 595; *State v. Lee*, 66 Mo. 167.

*D. H. McIntyre*, Attorney General, for the State.

The indictment is sufficient. The objection to the averments as to the location of the wound, is not well taken. *State v. Edmundson*, 64 Mo. 398; R. S., § 1821. The testimony of the witness Lance that defendant struck at him was admissible, because part of the *res gestae*. *State v. Testerman*, 68 Mo. 415; *McKee v. People*, 36 N. Y. 113. It was not error to refuse to allow the witness Gillies to state whether defendant was drunk or sober at the time of the difficulty. *State v. Edwards*, 71 Mo. 312; *State v. Hundley*, 46 Mo. 416; *State v. Dearing*, 65 Mo. 530. The evidence that deceased, while standing by the mill-hopper, after the first assault and before the fatal encounter, "looked scared and as if he wanted to get away," was proper. Wharton Crim. Ev., (8 Ed.) § 751. If it was error for the court to refuse to allow defendant to read the affidavit for continuance until the last, it was an immaterial error. He had the benefit of it in evidence, except as to the witness Edwards, who was in court and could have been sworn. The bare inspection of the record is sufficient to show that an instruction for manslaughter should not have been given. If the evidence for the prosecution is to be believed, defendant provoked the difficulty and took advantage of it to slay his victim, and was guilty of murder. If defendant's testimony is true, he acted solely in self-defense, and was guilty of no crime. The court instructed the jury fully and favorably to defendant upon the law of murder and self-defense. Defendant does not complain of the instructions given. The court properly instructed the jury that drunkenness was no excuse for the act, as has been attempted to be shown under the second head, and it was not improper for counsel to argue that phase of the case to the jury. It

was true, as shown by the evidence, that defendant attempted to escape after the killing, and while the court gave no instruction upon the law as to presumptions arising from flight, or attempted flight, it was not error for the prosecuting counsel to tell the jury that it was an inference of guilt. It is true that such is the law, and it has not come to pass that the truth may be assigned as error. *State v. Emery*, 76 Mo. 348. If counsel misstated the evidence, as contended by defendant, the jury would have set the matter right, and it cannot be assigned as error.

NORTON, J.—The defendant was indicted for murder in the first degree at the September term, 1880, of the Stoddard county circuit court, and being put upon his trial at the September term, 1881, of said court was convicted of murder in the second degree, and brings the case before us on writ of error. The points made by counsel will be considered in the order made.

It is insisted that the indictment is insufficient in not locating the wound with certainty and because of repugnancy and inconsistency. Omitting the formal parts of the indictment it charges that : " Defendant him, the said Charles Flint, feloniously, wilfully, deliberately, premeditatedly and of his malice aforethought, did strike, stab and thrust in and upon the right side of him, the said Charles Flint, and also in and upon the back near the left shoulder of the body, giving to the said Charles Flint then and there, with the knife aforesaid, in and upon the right side, and also upon the back near the left shoulder of the body of him, the said Charles Flint, one mortal wound of the length of two inches, of the breadth of half an inch and of the depth of three inches," etc. The objection is not well taken, for under the ruling of this court in the case of *State v. Edmundson*, 64 Mo. 398, where the case of the *State v. Jones*, 20 Mo. 61, relied upon by defendant's counsel to sustain his objection, was considered, it was held that the case of the *State v. Dias*, 7 Blackf. 20 upon the au-

thority of which the point in the case of the *State v. Jones,* *supra,* was decided had, in effect, been overruled in 10 Ind. 309, 359; 14 Ind. 441 and 22 Ind. 1.

It appears that one Lance, who saw the encounter between defendant and deceased, was introduced as a witness and stated among other things, that defendant call deceased a G—d liar, that deceased replied you are another, that they struck at each other and defendant fell, and on getting up drew a bottle of whisky and tried to strike witness who was trying to keep him quiet. Defendant objected to so much of said evidence as related to his attempt to strike witness, which was overruled. This objection was properly overruled, as it was part of the *res gestae,* and tended to show the *animus* of defendant. *State v. Testerman,* 68 Mo. 415.

It appears from the record that, after the first assault, deceased and defendant became separated, and deceased walked twenty or thirty feet away, and one of the witnesses was allowed to state, over defendant's objection, that deceased, while standing at the mill hopper and before the fatal encounter, " looked scared," " looked as if he wanted to get away." Under the authority of Wharton Cr. Ev., section 751, where it is said evidence that defendant was confused, embarrassed, or under the influence of terror is receivable, the trial court did not err in its ruling.

It is, also, objected that the court erred in refusing to allow a witness to state whether defendant was drunk or sober. Inasmuch as drunkenness neither extenuates nor excuses crime, the ruling of the court was proper. *State v. Hundley,* 46 Mo. 416; *State v. Dearing,* 65 Mo. 530; *State v. Edwards,* 71 Mo. 312.

It appears from the record that defendant's counsel, in stating his case to the jury, was proceeding to detail a difficulty which had occurred between a son of the deceased and the defendant, long previous to the homicide, and the court refused to allow him to proceed with the narrative, and this action of the court is assigned for error. The

matters referred to were not relevant to the issues, and evidence in regard to said difficulty would have been wholly inadmissible, had it been offered on the trial, and the action of the court in refusing to allow counsel to detail the transaction was not improper.

It, also, appears that defendant filed an application for a continuance on account of the absence of material witnesses, in which he set forth what he expected to prove by each of said witnesses, that the prosecuting attorney admitted that the witnesses named in the affidavit, if present, would testify as therein stated, and agreed that such statement should be received and admitted as their evidence upon the trial. On the trial, defendant read to the jury the statement of each of said absent witnesses, except the statement of one Edwards, which the court refused to permit him to read on the ground that said Edwards was present during the trial, and defendant could have had him sworn as a witness. It does not appear from the record before us, that this action of the court was excepted to at the time, and it is not, therefore, subject to review.

It is, also, objected that the court should have instructed the jury defining manslaughter in some of its degrees. The evidence on the part of the State tended to establish that the difficulty which resulted in the death of Flint was sought for and brought on by defendant, and that after having provoked he took advantage of it and fatally stabbed the deceased. On the other hand, the evidence on the part of defendant tended to establish that the killing was done in self defense. If the jury believed the evidence on the part of the State, the defendant was guilty of murder; if, on the contrary, they believe the evidence of defendant, he was guilty of no offence but was justifiable in killing deceased. The jury was instructed in regard to murder in the first and second degrees, as well as in regard to the law of self-defense, justifiable and excusable homicide.

No exception was taken to the instructions, in the court below, nor is any presented here.

The prosecuting attorney, in his closing argument, referred to the flight of defendant as evidence of guilt; also stated that voluntary drunkenness was no excuse for crime, and should not be considered by the jury, and, also, that the "blood on defendant was the blood of his murdered victim, Flint." It is insisted that the judgment should be reversed because said remarks were not justified by the evidence. As to the flight of defendant, the record shows that after he had stabbed Flint and he had fallen dead, "that Ramsey, Russell and Garland rushed out of the mill to the wagon, got Ramsey in it, and started off as fast as they could," so that his flight was a proper subject of remark, as well as whether the blood on Ramsey was or not the blood of deceased, it appearing from the evidence that when Flint was stabbed both Ramsey and Flint were on the floor of the mill and Ramsey was taken off of deceased upon his exclaiming "take him off he has cut me all to pieces."

We find nothing in the record authorizing us to interfere with the judgment, and it is hereby affirmed. All concur.