The State v. O'Niel.

---

## THE STATE v. O'NIEL.

Criminal law: INDICTMENT: MURDER. Under our criminal procedure,
it is not necessary in an indictment for murder, to charge specifically
as required at the common law, that the defendant "*murdered*" the
deceased; but the use of allegations which import an equivalent
meaning, is sufficient. Rev. § 4657, *et seq*.

*Appeal from Alamakee District Court.*

WEDNESDAY, OCTOBER 23.

The defendant was tried upon the following indict-
ment:

| "THE STATE OF IOWA *against* CHARLES O'NIEL. | } *District Court of the County of Alamakee.* |
|---|---|

" The grand jury of the county of Alamakee, in the name and by the authority of the State of Iowa, accuse Charles O'Niel of the crime of murder of the first degree, committed as follows: First count: The said Charles O'Niel, on the 12th day of August, A. D. 1866, in the county aforesaid upon Barney Leavy then and there being, willfully, deliberately, with premeditation and malice aforethought, did make an assault, and that he, the said Charles O'Niel, with a knife, the said Barney Leavy in and upon the breast and belly, the back, shoulders, sides, neck and arms of him, the said Barney Leavy, then and there willfully, deliberately, with premeditation and malice aforethought, divers times with great force did strike and thrust, giving to the said Barney Leavy, then and there, with the knife aforesaid in and upon the breast, belly, back, shoulders, sides, neck and arms of him, the said Barney Leavy, thirteen mortal cuts, stabs and wounds, of which said mortal cuts, stabs and wounds, he, the said Barney Leavy, then and there died."

The second count is the same in substance as the first, except in specifying different parts of the person upon which the wounds were inflicted. The jury found the defendant guilty of murder in the second degree. Thereupon the defendant's counsel made the following motion in arrest of judgment: "And now comes the defendant, after verdict and before judgment, and moves in arrest of judgment, because he says that the indictment is insufficient in law to support the verdict, and warrant the rendition of any judgment thereon, for the reason that said indictment nowhere charges that the defendant did

kill and *murder* the deceased, and that said indictment, though good for manslaughter is bad for murder."

This motion was overruled and the defendant was sentenced by the court to the penitentiary for life.

The overruling of the motion in arrest, is the only error assigned.

*O'Niel & McNulty* for the appellant.

*Henry O'Connor*, Attorney-General, for the State.

COLE, J. — That it was necessary in an indictment for murder at the common law, to charge specifically that the accused *murdered* the deceased, may well be conceded in view of the authorities cited

*[margin: CRIMINAL LAW: indictment: murder.]*

by the defendant's counsel. Bouvier's Law Dic., title "Murder;" 2 Arch. Crim. Pr. & Pl. 254, 257, note 13.; Blackstone's Com. 321; 4 Id. 307; 1 Chitty's Crim. Law, 243; 1 Russ. on Crim. Law, 562, 563; 2 Hale, 184, 187; 2 Hawks. Pl. C. C. 23, § 77; 1 East's P. C. ch. 5, § 117, p. 347; Foster, 424; Yelverton, 205; Wharton's Am. Law of Hom. 250 *et seq.; Commonwealth* v. *Gibson*, 2 Vir. Cases, 70 ; *The State* v. *Heas*, 10 La. Ann. 195 ; *Dias* v. *The State*, 7 Blackf. 20.

But, under our criminal procedure, these technical words and phrases are not essential. It is sufficient if the offense is charged in ordinary language so as to enable a person of common understanding to know what is intended. Nor shall any trial or judgment be affected by reason of any matter formerly deemed a defect, but which does not tend to prejudice the substantial rights on the merits. Rev. §§ 4657, 4659 and 4660. One object of our statutory change in criminal procedure was, to wipe out the necessity of technical phrases; and, for the courts to adhere to them, and measure or test our statutory indictments by

the common law technicalities, would be to run clearly counter to the legislative will, and defeat to a great extent the advantages that would otherwise flow from our common sense simplification of that common law system.

Affirmed.