## JONES v. THE STATE.

CRIMINAL LAW.—*Indictment.—Murder.*—It is unnecessary under the code to allege in an indictment for murder the part of the person on which the wound was inflicted.

APPEAL from the Fountain Circuit Court.

DOWNEY, C. J.—The indictment in this case charges that the appellant, on the eleventh day of October, 1870, at said county and State, did then and there, feloniously, purposely, and with premeditated malice, unlawfully kill and murder one James Hall, by then and there feloniously, purposely and with premeditated malice, shooting at, against, and mortally wounding said James Hall, with a certain gun, then and there loaded and charged with gunpowder and leaden shot, which said gun he, the said John W. Jones, then and there had and held in his hands, contrary to the form of the statute, &c.

There was a motion to quash the indictment, made by the defendant, which was overruled, and an exception entered. After an arraignment and plea of not guilty, the defendant was tried by jury, and found guilty of murder in the second degree, and that he be imprisoned in the state prison for life. A motion for a new trial was made, for the reasons that the verdict was contrary to law, was not sustained by sufficient evidence, because, the court overruled the motion to quash the indictment (?), and because the court erred in giving on its own motion instructions numbered 7, 8, 9, 11, 14, and 17.

This motion was overruled, and the defendant was sentenced according to the terms of the verdict.

The defendant assigns two errors; first, the refusal to quash the indictment; and second, the refusal to grant a new trial.

The objection to the indictment is, that it does not aver upon what part of the body of the deceased the mortal wound was inflicted.

At common law, an indictment thus defective could not be sustained. *Dias* v. *The State*, 7 Blackf. 20. But while this

is true, it was held that the proof need not correspond with the allegation. *Ibid.* A wound on the head might be alleged, and one on the body be proved, or *vice versa*, without any variance. But to allege a blow on one side of the head producing a wound on the opposite side was, as decided in that case, a fatal repugnancy. It was also held in the same case, and in *Dillon* v. *The State,* 9 Ind. 408, and in *Dukes* v, *The State,* 11 Ind. 557, that the depth and breadth of the wound need not be alleged. It is declared in the criminal code that the forms of pleading in criminal actions, and the rules by which the sufficiency of pleadings is to be determined, are those prescribed in that code. 2 G. & H. 400, sec. 52. In *Dillon* v. *The State, supra,* STUART, J., in delivering the opinion of the court, said: "In a word, the legislature has laid down certain general rules in relation to the material facts of an indictment, and left the courts to apply these rules, and mold the forms by judicial decisions." In performing our part of this duty, so far as this case is concerned, we hold that it is unnecessary under the code to allege in an indictment for murder the part of the person on which the wound was inflicted. The particulars with reference to the wound, and also the part of the person on which it was inflicted, are proper matters of evidence under the more general allegations of the indictment. The court committed no error in overruling the motion to quash the indictment.

The general facts of the case are, that both the defendant and the deceased were intoxicated on the evening of the October election, in 1870. They went into a saloon about dark, apparently in a good humor with each other. Soon afterwards a difficulty arose, and the deceased pushed the defendant down one or more times, and kicked, or kicked at him; at which he became angry, and went away, making threats against the deceased. In about half an hour he returned with a gun, and from outside the door, shot the deceased, who was yet in the saloon, and who died from the effect of the wound in about five minutes. The defendant's residence

from which he got the gun was about half a mile from the saloon. Evidence was given tending to show that, some years before, the defendant had received an injury to his head in a fall from a horse, that when intoxicated he would destroy his own property, and would attack his own friends, while other evidence tended to show that the injury from the fall was not lasting. There was some evidence tending to show him insane, while much of the evidence was the other way.

We have examined the instructions to which exceptions were taken. One of them, relating to murder in the first degree, had there been a conviction in that degree, might require a closer examination. But as the conviction was of murder in the second degree, it is evident that the defendant could not have been prejudiced by it. One or more of the instructions, it seems to us, was more favorable to the defendant than he could justly have demanded. There is nothing in the instructions, when considered in connection with the facts of the case, for which the judgment should be reversed.

There was little or no dispute as to the facts of the case relating to the killing with a deadly weapon, in the absence of any sufficient excuse or justification.

The judgment is affirmed, with costs.

*R. C. Gregory, R. P. DeHart,* and *M. M. Milford,* for appellant.

*B. W. Hanna,* Attorney General, for the State.