MACK WALKER AND KENNETH WALKER, PLAINTIFFS IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. A ruling of the court below upon the competency of a witness must be duly accepted to in said court, or it can not be considered here.

2. A wife is permitted in this State to testify for or against her husband in a criminal case.

3. Where a witness is called to testify about an occurrance, happening so short a time before the homicide, as to be practically a part of the same difficulty, it is error to exclude the testimony.

4. In an indictment for murder where the wound was an incised one, it is not necessary to state the dimensions of the same.

5. An indictment for the murder which alleges the mortal wound to have been given with a knife, and to have been inflicted "in

and upon the bondy" of the deceased, is in that respect suffi-
cient. It is not necessary to state upon what particular part
of the body the wound was inflicted.

6. In that portion of an indictment for murder stating the part of
the body upon which the mortal wound was inflicted, it is
sufficient to say that it was upon *the body* of the deceased. As
thus used the word body has a well-understood ordinary
meaning. It is the trunk of the human frame distinguished
from the head and the limbs. It is that portion which, exclud-
ing the arms, lies between the upper part of the thighs or hips
and the neck.

Writ of error to the Circuit Court for Leon
county.

The facts of the case are stated in the opinion of the
court.

*E. M. Hopkins* for Plaintiffs in Error.

*William B. Lamar*, *Attorney General*, for the
State.

LIDDON, C. J. :

The plaintiffs in error were indicted in the Circuit
Court of Leon county for the murder of one Wiley
Bentley. The form of the indictment was against
Mack Walker as principal in the first degree, and
Kenneth Walker as principal in the second degree. A
trial was had at the Spring term, 1894, and both de-
fendants were convicted of manslaughter.

Five assignments of error are made. We consider
them in numerical order. The first and second assign-
ments, which we consider together, are as follows:
1st. The court erred in refusing to allow Phyllis
Walker, the wife of one of the defendants, Kenneth
Walker, to testify in behalf of her husband. 2nd.
The court erred in ruling in regard to Phyllis Walker,

"I exclude anything concerning her husband." It appears from the record that this witness when offered was objected to by the State Attorney on the ground that she was the wife of one of the defendants. The court said "she can testify in reference to the other defendants." No exception was taken to this ruling. If there was error in this ruling (if it can be called a ruling) it can only be made available by an exception duly taken; such exception not being taken, we can not consider it. Coleman vs. State, 17 Fla., 206.

The third assignment of error, while it does not clearly express what was intended, yet indirectly refers to the ruling of the court excluding testimony of Phyllis Walker, offered by the defendants. Inquiry was made of this witness about the presence of several of the Bentleys, including the deceased, at the house of Kenneth Walker (one of the defendants) on the morning of the killing, and a very short time preceding the same. Witnesses on the part of the State had been examined fully about the same circumstances. The witness, as stated, was the wife of the defendant Kenneth Walker. The State Attorney objected to the testimony because one of the defendants, Mack Walker, was not present at the time of the occurrence about which she proposed to testify. The court excluded the testimony. In so doing it clearly acted upon the presumption that a wife in a criminal case can not testify for or against her husband. According to a recent decision of this court (Everett vs. State, 33 Fla., 661, 15 South. Rep., 543) this was error, and she should have been permitted to testify. The occurrence about which the witness was called upon to testify was also so short a time before the killing occurred as to be practically the beginning of the same diffi-

culty.   Therefore it was part of the *res gestae*.   It was error as to both of the defendants to exclude this testimony.

The fourth assignment of error is based upon the refusal of the court below to grant a new trial.   The first two grounds were:   (1) That the verdict was contrary to law, and (2) contrary to the evidence, and (3) the refusal of the court to permit the wife of one of the defendants, Kenneth Walker, to testify in his behalf.   No particular reason is assigned why the verdict was contrary to law.   As the case must be remanded for a new trial in the Circuit Court, it is not proper or necessary that we consider the sufficiency of the evidence to support the verdict rendered.

The fifth error assigned is, that the court erred in overruling defendants' motion in arrest of judgment. This motion was upon grounds as follows:   1st. The indictment does not state in what part of the body of the deceased, Wiley Bentley, Sr., the mortal wound was inflicted.   2nd. The indictment does not state the dimensions of the wound which it is stated caused the death of Wiley Bentley, Sr.   As it can be more easily disposed of we will consider the last ground first.   This court has decided, overruling the case of Keech vs. State, 15 Fla., 591, that in a murder case it is not necessary to state in the indictment the dimensions of the incised wound which caused the death.   Hodge vs. State, 26 Fla., 11, 7 South. Rep., 593.   The indictment in this case clearly states the dimensions of the wound —of the breadth of one inch, and depth of four inches.   The motion in this respect is not true in point of fact.

We next consider the ground that the indictment does not show upon what part of the body of the deceased the mortal wound was inflicted.   Judge Randall

says in the same case of Keech vs. State, *supra*, 15 Fla., text page 608, in an uncertain way: "It is also insisted that the indictment is defective in that it does not show upon what part of the body of the deceased the wound was inflicted. We believe it is uniformly held in the English books that the part of the body in which the deceased was wounded should be particularly stated." The language of the indictment is not quoted in the opinion in the Keech case. We have inspected it in the transcript of the record of the case among the files of the court. The indictment in that case, in the portion of it stating the wounding of the deceased, said that the defednant "with a certain pistol, loaded, etc., shot off and discharged, etc., did strike, penetrate and wound the said Ellen Wells." The indictment in the present case is much better. It alleges that the defendant "with a certain knife, etc., the said Wiley Bentley did strike and thrust, giving to the said Wiley Bentley then and there, with the knife aforesaid, in and upon the *body* of him, the said Wiley Bentley, one mortal wound," and gives the dimensions of the wound. We think the indictment is sufficient. True there are some old English decisions, and some more modern American authorities, following the course of the common law, which hold that the part of the body upon which the wound is inflicted should be described with great particularity. *Vide* 3 Chitty's Criminal Law, p. 735; 1 Archbold's Crim. Pr., 790, 791; Dias vs. State, 7 Blackf. 20. But this strictness has been considerably relaxed even in England. Rex vs. Mosley, 1 Moody's Crown Cases, 97; 2 British Crown Cases; Turner's Case, 1 Lewin, 177; 2 Bishop's Crim. Pro., sec. 518, and authorities cited. Our statute provides: "Every indictment shall be deemed and adjudged good which charges the crime substantially

in the language of the statute,   *   *   or, if at common law, so plainly that the nature of the offense charged may be easily understood by the jury." Rev. Stats. of Fla., sec. 2892. And further, "no indictment shall be quashed or new trial granted on account of any defect in the form of the indictment, or of misjoinder of offenses, or for any cause whatsoever, unless the court shall be of the opinion that the indictment is so vague, indistinct and indefinite as to mislead the accused, or embarrass him in the preparation of his defense, or expose him after acquittal or conviction to substantial danger of a new prosecution for the same offense. Rev. Stats., sec. 2893. We do not think this indictment objectionable within the purview of the statute, whatever might be said of it under a strict common law construction. It never was required that the proof should show with any strictness that the wound was upon the same part of the body that the indictment alleged it to be. Bishop's Crim. Pro., sec. 526, in treating upon this point says: "In principle, as this allegation is not required to be proven so that it gives the defendant no information of practical value, it need not be made;" and further in the same section says: "If it is to be observed at all, it is upon the mere ground of authority."

In our opinion the great weight of American and more recent authority is that it is not necessary in an indictment for homicide to state upon what particular part of the body the mortal wound was inflicted. People vs. Steventon, 9 Cal. 273; Moore vs. State, 15 Texas App., 1; Sanchez vs. People, 22 N. Y., 147; Cardell vs. State, 22 Ind., 1; Whelchell vs. State, 23 Ind., 89; Jones vs. State, 35 Ind., 122; Maxwell's Criminal Procedure, 182. We think it sufficient to allege that the mortal wound was inflicted upon the *body* of

the deceased.  The word "body," as applied to the human frame, in ordinary language, has a well-defined and well-understood signification.  It means the trunk, as distinguished from the head and limbs, that part of a human being between the upper part of his thighs or hips and his neck, excluding his arms.  The case of Sanchez vs. People, 22 N. Y., 147, is a case very similar to the one at bar.  In that case the court said:  "The indictment charges the commission of the murder in the following words:  'And that the said Felix Sanchez, with a certain sword which he, the said Felix Sanchez, in his right hand then and there had and held, the said Harmon Curnon, in and upon the body of him the said Harmon Curnon, then and there wilfully and feloniously, and of his malice aforethought, did stab, cut and wound, giving unto the said Harmon Curnon then and there with the sword aforesaid, in and upon the *body* of him the said Harmon Curnon, one mortal wound, of the breadth of one inch, and of the depth of three inches, of which said mortal wound he the said Harmon Curnon, at the ward, city and county aforesaid, then and there instantly died.'  The indictment does not otherwise show upon what part of the body of Curnon the mortal wound was given; and the counsel for the plaintiff in error now contends that the omission is fatal.  The indictment, in my opinion, is sufficiently certain in this respect.  By the word body, in this connection, is to be understood the trunk of the man, in distinction from his head and limbs.  This is the doctrine of the books on the subject.  (Long's Case, Coke's R., pt. 5, 120).  It is usual to state the particular part of the body upon which the violence producing the death was inflicted; and in some of the old authorities it is said that the charge or statement of the crime in the indictment

should be so precise in this respect, that from such statement you could lay your finger on the particular spot. But this strictness has given way to a more sensible and practical rule. The object of an indictment is to give to the party accused reasonable notice of the crime with which he is charged, in order that he may prepare his defense and be protected against a second trial for the same offense. Neither of these objects are attained or approached by requiring specifications which need not be proved; and it is well settled that an allegation that the wound was inflicted on one part of the body is sustained by evidence showing that it was on another and different part. For example, a charge that the wound was made on the right side of the body is sustained by evidence that it was on the left side; (Russ. on Cr., vol. 1, pp. 558-562, 5 Am. from 3 Lond. ed., and authorities there cited); and the same rule applies in respect to the length and depth of the wound. But assuming the common law rule to require the indictment to state the particular part of the body where the mortal wound was inflicted, the consideration that the public prosecutor is not obliged to prove that it was in the part of the body as charged, and that such allegation is sustained by evidence that it was inflicted elsewhere on the body, proves that it is a matter of form, so far as relates to the place upon the body where the wound was inflicted."

For the errors herein pointed out the judgment of the court below is reversed and a new trial granted.