ANDERSON KIMBLE, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

Motions in arrest of judgment from part of the record proper, and when evidenced to an appellate court only in and by a bill of exceptions, can not be recognized or considered by such court. Kelly v. State, 44 Fla. ——, 33 South. Rep. 235, approved and followed.

This case was decided by Division A.

Writ of error to the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the Court.

Kimble v. The State of Florida—Opinion of Court.

*W. E. B. Smith*, for Plaintiff in Error.

*William B. Lamar*, Attorney-General, for the State.

SHACKLEFORD, J.

At the Spring term, 1902, of the Circuit Court of Jackson county, the plaintiff in error was indicted, tried and convicted of the crime of breaking and entering a building with intent to commit a felony, and was sentenced to be confined at hard labor in the State prison for the period of two years. A reversal of this judgment is sought by writ of error.

Three errors are assigned, but the first two are expressly abandoned by counsel for plaintiff in error in his brief, and hence are not before us for consideration. The third and only error assigned which is argued is based upon the overruling by the trial court of the motion in arrest of judgment made by defendant. This assignment can not be considered, for the reason that it has no proper foundation in the record. The motion in arrest of judgment is evidenced to this court only in and by the bill of exceptions, when it is matter of record, and should have been included in the record proper in the case, and we are not authorized to recognize it when so presented. Kelly v. State, 44 Fla. . . . ., 33 South. Rep. 235; Caldwell v. State, 43 Fla. . . . ., 30 South. Rep. 814.

Finding no error in the record, the judgment of the court below is hereby affirmed.