WILL MASSEY, PLAINTIFF IN ERROR, v. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. When a motion in arrest of judgment is evidenced to an appellate court only in and by a bill of exceptions, it can not be entertained or considered.

2. The defendant is entitled of right to make a motion for a new trial at any time within four days after the verdict shall have been rendered and during the same term of court on complying with the provisions of law in regard thereto. This right is not forfeited by the fact that sentence has been passed upon him.

3. When a trial court refuses to entertain and decide a motion for a new trial, or to exercise its discretion, without any good reason for so doing, he is depriving the party making the motion of a substantial right, and this may be corrected by writ of error.

This case was decided by Division B.

Writ of Error to the Circuit Court for Hamilton County.

The facts in the case are stated in the opinion of the Court.

*Mallory F. Horne*, for Plaintiff in Error.

*W. H. Ellis*, Attorney-General, for the State.

PARKHILL, J. In the Circuit Court for Hamilton county on the 27th day of September, 1904, the plaintiff in error, Will Massey, hereinafter called the defendant, was indicted by the grand jury for selling liquor in a county

voting against such sale. On the same day, he was tried and convicted, and seeks relief here by writ of error, returnable to the present June Term.

1. The first assignment of error made here is that the court erred in overruling the motion in arrest of judgment made by the defendant in the court below.

The record proper shows that the court overruled a motion in arrest of judgment, but the motion itself is not there. We find the motion in arrest of judgment made by the defendant set out in the bill of exceptions, but this motion forms part of the *record proper* in a case, and has no place in a *bill of exceptions*. This court has frequently held that when a motion in arrest of judgment is evidenced to us only in and by a bill of exceptions it cannot be entertained or considered by us. Peaden v. State, 46 Fla, 124, 35 South. Rep. 204; Roberson v. State, 42 Fla. 223, 28 South. Rep. 424; Brown v. State, 42 Fla. 184, 27 South. Rep. 869; Caldwell v. State, 43 Fla. 545, 30 South. Rep. 814; Kelly v. State, 44 Fla. 441, 33 South. Rep. 235; Kimble v. State, 45 Fla. 40, 34 South. Rep. 5. If parties desire us to review the action of the trial court in ruling upon a motion in arrest of judgment, they must see to it that the motion and the ruling of the court thereon be exhibited to us in the record proper.

2. The second assignment of error is that the court erred in refusing to hear and pass upon the motion for a new trial made by the defendant.

The record before us does not show that the judgment of the court below gave his reason for refusing to hear and pass upon defendant's motion for a new trial. The bill of exceptions recites that on the 28th day of September, 1904, the defendant by his attorney did submit to the court his motion that the court vacate and set aside the verdict, judgment and sentence and grant a new trial here-

in "and the said court on the said 28th day of September, 1904, did refuse to consider said motion for a new trial and did thereupon render his decision and opinion that said motion for a new trial could not be heard by the court, the defendant by his attorney did then and there except."

The suggestion has been made in the brief for defendant in error that it is to be gathered from the record that the court refused to hear the motion for a new trial because the judgment had been entered.

The defendant is entitled of right to make a motion for a new trial at any time within four days after the verd.ct shall have been rendered, and during the same term on complying with the provisions of law in regard thereto. This right is not forfeited by the fact that sentence has been passed upon him. Sections 1180 and 2936 Revised Statutes of 1892; Smith v. State, 64 Ga. 439; Calvert v. State, 91 Ind. 473; Commonwealth v. McElhaney, 111 Mass. 439.

The verdict in this case was rendered on the 27th day of September. The defendant gave notice, in open court, of his motion for a new trial. This motion, dated the 27th, and the reasons therefor were placed on the motion docket on the 28th day of September, within four days after the verdict, and during the same term.

On the 28th of September, the court entered judgment, pronouncing sentence upon the defendant. After this was done upon the same day, the defendant submitted to the court his motion for a new trial. The reasons assigned in the motion were that the verdict is contrary to the evidence, the law and the charge of the court, and that the court erred in giving certain instructions to the jury. It seems that the defendant complied fully with the provis-

ions of law regulating applications for new trial, and the court below ought to have entertained and passed upon the motion, by either granting or refusing the same, so that the defendant could have this court review and pass upon the questions raised by the motion. The court erred in refusing to consider and pass upon the motion.

The motion for a new trial is a remedy accorded to a party for the correction by the trial court of injustice done by the verdict of a jury. It is one of the most important rights which a party to a jury trial has. It is a right to invoke the discretion of the court to decide whether the injustice of the verdict is such that he ought to have an opportunity to take the case before another jury. It is the only method by which the weight of the evidence can be reviewed by this court.

When a trial court, therefore, refuses to entertain and decide a motion for a new trial, or to exercise its discretion, without any good reason for so doing, he is depriving the party making the motion of a substantial right, and this may be corrected by writ of error. Smith v. State, supra; Ohms v. State, 49 Wis. 415, 5 N. W. Rep. 827; Felton v. Spire, 78 Fed. Rep. 576.

Should there be another trial of the cause we call the attention of the trial court in connection with some of the charges given at the trial to the case of Goode v. State, decided here at the present term, wherein we construe section 3 of Chapter 4930 of the laws of 1901, and hold that proof of the delivery of whiskey to a person by the defendant and the receipt of money therefor by him is *only prima facie* evidence of the ownership of said whiskey and that the defendant may rebut this legal presumption by proper proof.

Under the circumstances as disclosed by the record in this case the judgment of the court below is reversed for the error found, at the cost of Hamilton county.

