GAINESVILLE AND GULF RAILROAD COMPANY, A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF FLORIDA, *Plaintiff in Error*, v. JOHN B. PECK, *Defendant in Error*.

1. When any ground of demurrer to a declaration is sustained the demurrer to that declaration is sustained. In ruling upon a demurrer, the court either sustains or overrules the demurrer generally. It is of no consequence that the court may, in terms, overrule one or any number less than the whole of the assignments of error. The sustaining of any ground is as effectual as the sustaining of the demurrer generally. The court is not required to specify the particular ground or point of law in his ruling upon a demurrer where several substantial matters of law are stated, though it may be more convenient to the party demurring for the court to do so.

2. Where one ground of the demurrer to the declaration is sustained and other grounds thereof are overruled the plaintiff amends the declaration and the defendant does not demur to this amended declaration but files pleas thereto, the demurrer thus ruled upon does not apply to the amended declaration. If the defendant desires to make a point on the court's overruling the other grounds of the demurrer he should specifically demur to the amended declaration setting up those grounds.

3. A licensee is a person who is neither a passenger, servant or trespasser, and not standing in any contractual relation to the railroad, and is permitted by the company to come upon its premises for his own interests, convenience or gratification.

4. While the rule of liability to trespassers may be very much the same as the liability of an owner of premises to licensees, yet where a particular individual, or the public has express or implied license to enter the premises in question, the probability of the presence of persons thereon may be more readily contemplated than in the case of mere trespassers, and so there was no abuse of judicial discretion in the trial court making an order for the compulsory amendment of a plea wherein the plaintiff was charged with being a "trespasser or licensee."

5. Pleas that deny matters set up in the declaration as mere inducements to the action to show the plaintiff's right to sue do not amount to the general issue only.

6. While the court erred in sustaining a demurrer to special pleas, the action of the court will be regarded as error without injury when the case was tried afterwards upon a plea of not guilty and the defendant was permitted to introduce evidence in support of the matters set up in the special pleas and the court gave the jury appropriate instructions thereon; these pleas having been regarded by the court, in the trial of the case, as being equivalent to the general issue and the defendant having had the benefit of evidence which might have been offered in support of them.

7. Where an exception is not taken to the ruling of the trial court sustaining an objection to a question propounded to a witness, the appellate court will not consider an assignment of error based upon such ruling.

8. A witness was asked this question: "Mr. Peck, did you have any conversation with this man Cook while he was agent of the railroad company after you had received this injury, in relation to the condition of the door?" This was merely a preliminary question, propounded for the purpose of finding out whether the witness had a conversation with Mr. Cook. It did not call for the conversation and was not subject to the objection that it was hearsay.

9. A general objection is evidence without stating the precise ground of the objection is of no avail, unless the evidence objected to is palpably inadmissible and prejudicial for any purpose or under any circumstances.

10. A motion to strike the whole of the testimony of a witness should be denied where part of it was admissible and given without objection.

II Where no objection was made in the trial court to questions propounded to a witness and he testified without ocjection, there is nothing for an appellate court to review.

This case was decided by Division B.

Writ of Error to the Circuit Court for Marion County.

The facts in the case are stated in the opinion of the court.

*F. M. Simonton* and *Hocker & Duval,* for plaintiff in error;

*H. M. Hampton,* for defendant in error.

PARKHILL, J.—The defendant in error, John B. Peck, hereinafter referred to as the plaintiff, sued the plaintiff in error in the circuit court for Marion county for an injury sustained by the plaintiff by reason of the falling of a certain sliding door in the depot or station

house of the defendant at Fairfield, in Marion county. There was judgment for the plaintiff, and the defendant sued out a writ of error.

On the 7th day of August, 1905, the plaintiff filed his declaration, as. follows: "The plaintiff, by his attorney undersigned, sues the defendant Gainesville and Gulf Railroad Company, a corporation organized and existing under the laws of the state of Florida, which has been summoned in an action at law.

For that whereas, in the county aforesaid, on the 10th day of May, 1905, the defendant was engaged in the business of a common carrier of freight by rail, and operated a railroad in and through the county of Marion, state of Florida, and had and maintained at a place known as Fairfield, in said Marion county, a depot or station house for the reception of freights to be transported over its said road; that the plaintiff was at the time aforesaid engaged in the business of raising and shipping vegetables to markets, and did ship same over the road of the said defendant, and that the vegetables of the plaintiff, and other persons, was, under the custom and manner of doing business by the said defendant at said Fairfield station, received at the station for the purpose of being marked and directed and shipped to a place of destination, which marking and directing in the case of the plaintiff's vegetables was done by the plaintiff at the station aforesaid. That on the 10th day of May, 1905, the plaintiff was at the aforesaid station house of the defendant for the purpose of marking and directing packages of vegetables of the said plaintiff to be transported by the defendant to their place of destination; that at the time aforesaid the defendant had in the building used by it as a station house at said Fairfield. and where the vegetables were received and marked and shipped, a sliding or rolling door, which the defendant negligently and carelessly permitted to become, and

which on the day aforesaid was in an insecure and unsafe condition, so as to be liable, when being operated by being rolled or pushed, in opening it, to fall, and that on the date aforesaid, while the plaintiff was at the station house aforesaid, for the purpose of marking and shipping his vegetables over said road, the defendant, by its agent and servant, attempted to open the said door, and thereupon, by reason of the insecure condition in fastenings, the same was thrown from its run way and fell upon and struck the plaintiff and injured the arm, shoulder and body of the plaintiff, thereby causing him great bodily pain and injury and damage, by reason whereof, and by reason of the said injury, the plaintiff was prevented from following his vocation, and doing manual labor for a great length of time, and was compelled to incur and expend large sums of money in procuring and paying for medical attendance and medicine and assistance, wherefore, plaintiff sues, and claims fifteen thousand dollars damages."

The declaration was amended by adding, after the word "assistance," the following: "And the plaintiff alleges that at the time of receiving the injuries aforesaid, the plaintiff was exercising reasonable care, and that the injuries complained of happened without fault of the plaintiff, and that by reason of the said injuries the plaintiff then and there received a lasting and permanent injury and hurt, from the effects of which the plaintiff will never during this life fully recover."

The declaration was further amended so as to allege that the sum of fifty dollars was incurred and expended for medical attendance, medicine and assistance.

The defendant demurred to the declaration as amended, stating six points of law to be argued. The cause coming on to be heard upon demurrer to the declaration as amended it was "ordered that the first, second, fourth, fifth and sixth grounds of the demurrer

be and the same are overruled," and "that the third ground of the demurrer be and the same is sustained." The action of the court in overruling the first, second, fourth, fifth and sixth grounds of the demurrer is made the basis of the first assignment of error.

The effect of the ruling of the court was to sustain the demurrer. The third ground of the demurrer was sustained, but that was equivalent to sustaining the demurrer on the third ground. In ruling upon a demurrer, the court either sustains or overrules the *demurrer*. Under our statute, either party may object by demurrer to the pleading of the opposite party, on the ground that such pleading does not set forth sufficient ground of action, defense or reply as the case may be. The demurrer is the assertion or declaration by the defendant that the declaration is bad in substance; and *the statute requires a statement of the substantial matters of law intended to be argued*. Sections 1441, 1444 general statutes of 1906. The substantial matters or points of law intended to be argued do not constitute the demurrer. They are the grounds or reasons assigned in support of the demurrer or assertion that the declaration is bad in substance. In Terry v. Allen, 132 Ala. 657, 32 S. R. 664, the trial court overruled some of the grounds of demurrer, and sustained others. Upon the plaintiffs failing and refusing to plead over, after some of the grounds of the demurrer interposed to the complaint were sustained, the court rendered judgment for the defendants. McCLELLAN, C. J., speaking for the court, said: "When any ground or assignment of demurrer to a complaint is sustained, a demurrer to that complaint is sustained, and, if plaintiff declines to amend, judgment final must be rendered against him. It is of no consequence that the court may, in terms, overrule one or any number less than the whole of the assignments of demurrer. The sustaining of any assignment is as

each and all its assignments expressly." The court is not required to specify the particular ground or point of law in his ruling upon a demurrer where several substantial matters of law are stated, though it would be more convenient to the party demurring for him to do so. Johnson v. Smith, 86 N. C. 498.

In the instant case, therefore, the demurrer to the declaration being sustained, it was completely disposed of and eliminated form the case. The plaintiff, thereupon, amended the declaration. The defendant did not demur to this amended declaration, but filed pleas thereto. The demurrer thus ruled upon did not apply to this amended declaration. Smith v. Hearns, vol. 8, part 1, the Jurist, p. 384. If the defendant desired to make a point on the court's ruling on the first, second, fourth, fifth and sixth grounds of the said demurrer, he should have specifically demurred to this amended declaration setting up those grounds. As this was not done, and the demurrer to the declaration was sustained, the defendant cannot complain. We have however examined the questions presented by these grounds of demurrer, and find the contentions therein made untenable.

Under the second assignment of error it is argued that the court erred in sustaining the motion for compulsory amendment of certain pleas, wherein the plaintiff was charged with being a "trespasser *or* licensee." These pleas were filed by the defendant under the theory that the law in such cases made no difference between a trespasser and a licensee, and that it was proper to charge the plaintiff with being a "trespasser *and* licensee" in one and the same plea. In sustaining the motion, the court said: "I am of the opinion that if the defendant wants to treat the plaintiff as a trespasser and a licensee that he must do so in separate counts; that the relation of the defendant to a trespasser is a different one to that of a licensee, and putting them in

one and the same count does tend to hinder, delay and embarrass a fair trial of this action."

In the case of Atlantic Coast Line R. Co. v. Crosby, 53 Fla. 400, 43 South. Rep. 318, we held: "The granting or denial of a motion for the compulsory amendment of a pleading, based on section 1043 of the revised statutes of 1892, is a matter resting within the sound judicial discretion of the trial court, since such court must determine whether or not the pleading so sought to be reformed is so framed as to prejudice or embarrass or delay the fair trial of the action, and the ruling of the trial court thereon will not be disturbed by an appellate court, unless it is plainly made to appear that there has been an abuse of this judicial discretion."

A licensee is a person who is neither a passenger, servant or trespasser, and not standing in any contractual relations to the railroad, and is permitted by the company to come upon its premises for his own interests, convenience or gratification. Northwestern El. R. R. Co. v. O'Malley, 107 Ill. App. 599; Woolwine's Admr. v. Chesapeake & O. Ry. Co., 36 West Va. 329, 15 S. E. Rep. 81, 16 L. R. A. 271, 32 Am. St. Rep. 859; Patterson's Railway Accident Law, § 174.

While the rule of liability to trespassers is very much the same as the liability of an owner of premises to licensees, yet it has been said that where a particular individual, or the public, has express or implied license to enter the premises in question, the probability of the presence of persons thereon may be more readily contemplated than in the case of mere trespassers, in the light of which consideration the conduct of the defendant should be viewed. 21 Am. & Eng. Ency. Law (2nd ed.) 476. We cannot say there has been an abuse of judicial discretion in the making of this order for compulsory amendment of the pleas.

On January 19th, 1906, the defendant filed five

amended pleas, a plea of not guilty and four special pleas. The plaintiff filed a motion to strike the 2nd, 3rd, 4th. and 5th special pleas and for compulsory amendment of them, and demurred to them also. On October 27, 1906, the motion was denied, and the demurrer was sustained. The order sustaining the demurrer to these pleas is made the basis of the third assignment of error.

The second and third pleas set up that "on the 10th day of May, 1905, at the time and date of the alleged injury received by plaintiff, said plaintiff was not then and there in the depot or station house of the defendant engaged in the shipment of vegetables or other property over the defendant's line of railroad, nor was he engaged in marking and directing such vegetables or in any business with the defendant company or its agent or employe, but was then and there loafing or lounging at and in the warehouse of the defendant corporation at and in Fairfield, Florida, at a place where he had no lawful right," the second plea concluding, "he (the plaintiff) being a licensee, and that, therefore, the defendant was not and is not liable in law for any injury so received by the plaintiff at the time and place, and in the manner alleged, and this the defendant is ready to verify and prove."

The third plea is like the second except it concludes, "he (the plaintiff) being a trespasser, and that, therefore, was not and is not liable," etc.

The fourth and fifth pleas aver that "on the 10th day of May, 1905, the plaintiff was not at the station house of the defendant for the purpose of making and directing packages of vegetables of said plaintiff, to be transported by the defendant to their place of destination; that no vegetables were received and marked and shipped in and from said station house where the defendant was standing at the time he received the alleged blow from the falling of the sliding door of the defend-

ant company, but that all vegetables transported over the line of railroad of said defendant company, and that were marked, directed and shipped on the 10th day of May, 1905, and at other times were placed upon the platform outside of said station house, and then and there marked, directed and placed in the railroad cars from the said platform, but were not put in the said station house at all, and there was no occasion on said date for the plaintiff to have gone into the said station house of the defendant company, but his going into the station house was a voluntary act on his part, wholly unnecessary for the purpose of said business." The fourth plea then concludes, "and he (the plaintiff) thereby became and was a licensee in the warehouse of the defendant company, and the defendant company was under no obligation to protect the plaintiff from the alleged injury," etc. The fifth plea concludes, "and he (the plaintiff) thereby became and was a trespasser in the warehouse of the defendant company, and the defendant company was under no obligation to protect the plaintiff from the alleged injury," etc.

Counsel for defendant in error contend that these special pleas amount to nothing more than the general issue, a denial of some matter set up in the declaration, that they should have been stricken by the court, and that there was no reversible error in the court sustaining a demurrer thereto.

These special pleas it is true, deny matters set up in the declaration, but they do not amount to the general issue only. The matters set up in the declaration and which are denied by these pleas are mere inducements to the action to show the plaintiff's right to sue; that he was on the premises upon invitation of defendant, and the duty devolving upon defendant to keep his premises in a reasonably safe condition so far as the plaintiff is concerned. We have several times called attention

to rule 71 of rules of circuit court in common law actions, as follows: "In actions for torts, the plea of not guilty operates as a denial of the breach of duty or wrongful act alleged to have been committed by the defendant and not of the facts stated in the inducement, and no other defense than such denial is admissible under that plea. All other pleas in denial shall take issue on some particular matter of fact alleged in the declaration." Jacksonville Electric Co. v. Sloan, 52 Fla. 257, 42 South. Rep. 516; Atlantic Coast Line R. Co. v. Crosby, 53 Fla. 400, 43 South. Rep. 318; State ex rel. Ellis, Attorney General v. Atlantic Coast Line R. Co., 53 Fla. 711, 44 South. Rep. 230.

But even if the court erred in sustaining the demurrer to these special pleas, the action of the court must be regarded as error without injury, as the case was tried afterwards upon the plea of not guilty, and the defendant was permitted to introduce evidence upon the matters set up in these pleas, and the court gave the jury appropriate instructions thereon. These pleas seem to have been regarded by the court, in the trial of the case, as being equivalent to the general issue, and the defendant had the benefit of evidence which might have been offered in support of these special pleas. Rice v. Drennan, 75 Ala. 335, 6 Ency. Pl. & Pr. 358; see Muller v. Ocala Foundary & M. Works, 49 Fla. 189, 39 South. Rep. 64.

The plaintiff by leave of the court filed a second count to his declaration. The defendant demurred thereto, and the court overruled the demurrer. This action of the court is made the basis of the fourth assignment. The questions presented by this assignment are the same as those presented and disposed of under the first assignment.

The defendant filed a plea of not guilty and four special pleas to the second count of the declaration.

The plaintiff demurred to the special pleas.  The court sustained the demurrer, and this action of the court is made the basis of the fifth assignment.  The questions presented here are the same as those disposed of under the third assignment.

The plaintiff Peck was sworn as a witness in his own behalf, and testified that Mr. Cook was the agent of the defendant company at Fairfield at the time of the accident complained of.  Mr. Peck was asked this question by his counsel: "Mr. Peck, did you have any conversation with this man Cook while he was agent of the railroad company after you had received this injury, in relation to the condition of the door?"  The seventh assignment of error is, that the court erred in permitting the plaintiff Peck to answer the above question.  Defendant objected to this question because it was immaterial, irrelevant and hearsay.  The court overruled the objection and the witness answered the question, as follows: "Yes, sir."  The transcript does not show that the defendant reserved an exception to this ruling of the court, and therefore we cannot consider an assignment of error based upon the ruling.  McSwain v. Howell, 29 Fla. 248, 10 South. Rep. 588; Tischler v. Apple, 30 Fla. 132, 11 South. Rep. 273; Walker v. State, 34 Fla. 167, 16 South. Rep. 80; Driggers v. State, 38 Fla. 7, 20 South. Rep. 758; Coker v. Hayes, 16 Fla. 368; Shepherd v. State, 36 Fla. 374, 18 South. Rep. 773.  But even if an exception had been reserved, we could not say the court erred in permitting the witness to answer this question on the ground that it was hearsay.  The question was only a preliminary one.  It was propounded for the purpose of finding out whether the witness had a conversation with Mr. Cook.  It did not call for the conversation.  Ortiz v. State, 30 Fla. 256, 11 South. Rep. 611.  The witness Peck was then asked, "who was present?"  This question was objected to because it was

immaterial and irrelevant. The court overruled the objection, and defendant reserved an exception. This ruling of the court is made the eighth assignment of error. The witness then answered as follows: "Dr. Gattrell, J. H. Smoak, Cook and myself." The objection to this question is too general. We cannot say the evidence objected to is palpably inadmissible and prejudicial for any purpose or under any circumstances.

The transcript of the record recites: "Whereupon counsel for the defendant moved the court to strike the testimony of the witness for the reason that the same is hearsay, immaterial and irrelevant. But the said judge did then and there deny the motion of the defendant, to which ruling the defendant then and there excepted." If the motion to strike related to the answers given by the witness to the two questions propounded to him as above stated, then the court should have denied the motion for the reasons already stated by us. If the motion to strike related to "the testimony of the witness" in its entirety, it should have been denied for much of the testimony of the witness was given without objection and was neither hearsay, immaterial or irrelevant.

The fifteenth assignment is as follows: "That the court erred in permitting witness Henry Gattrell to answer the following question over the objection of defendant: 'Now, Dr. you have made no statement in relation to the condition of the door that fell on Peck, and of its former condition, the knowledge of the railroad officers of its condition, please state what that condition was.' "

The sixteenth assignment is as follows: "That the court erred in permitting witness Henry Gattrell to answer the following question over the objection of the defendant: "What did he say?"

We cannot find where these questions were propounded to the witness in the form here given. The bill

of exceptions shows the following statement: "And the plaintiff to further maintain the issues on his behalf, then and there produced as a witness, Doctor Henry Gattrell, and propounded to him the following question: 'Did you at any time after Peck was hurt have any conversation with Cook while he was agent of the company in relation to the condition of the door that fell on Peck?' to which the witness replied, 'yes sir.' And the plaintiff propounded the following question to said witness, 'at what time, as nearly as you can recall, in whose presence, and at what place?' to which the witness replied, 'it was several days after the accident; he was at my store at Fairfield, Smoak and myself were present.' And the plaintiff by his counsel propounded to the said witness the following question: 'state what that conversation was?' To which question witness answered: 'He was speaking of the accident, and said he knew that door; in fact both of the doors, had been in bad condition sometime. Said he had notified the company several times about them being in that condition; that they had paid no attention to him.' "

It will be noted that no objection was made by defendant to the questions propounded to the witness Gattrell. He testified without objection, and the court made no ruling on the question propounded. There is, therefore, nothing for us to review, and these assignments are without merit.

The forty-sixth assignment is "that the court erred in refusing to give charge number 15, requested by defendant."

The forty-seventh assignment is "that the court erred in refusing to give charge number 16, requested by the defendant." These charges were covered by instructions number 21 requested by defendant and number 5 of general charge.

The sixth assignment is "that the court erred in

denying defendant's motion for a new trial." The grounds of the motion are: That the verdict is against the evidence, and without sufficient evidence to support it, verdict is contrary to law and charge of the court and that the verdict is excessive.

We have carefully considered the evidence in this case. We do not think the verdict is contrary to the law or the evidence; neither do we think it excessive.

TAYLOR, and HOCKER, JJ., concur;

SHACKLEFORD, C. J:, COCKRELL and WHITFIELD, JJ., concur in the opinion.